UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEBRA L. AALBERG,**

    Plaintiff,

                                CASE NO.:   8:09-cv-1393-T-27AEP

v.

**PLAN 4 COLLEGE, INC.**
a foreign Corporation, **SHAMREN FLETCHER,**
**LEONARD VIGNOLA, RICHARD SHANLEY,**
**MICHAEL DENNING & STERLING LEPPO**,
Individually

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS' (VIGNOLA,
DENNING, AND LEPPO) MOTION TO TRANSFER VENUE
OR IN THE ALTERNATIVE TO STAY PROCEEDINGS**

**COMES NOW** the Plaintiff, by and through her undersigned legal counsel and pursuant to the Federal Rules of Civil Procedure and Local Rule 3.01(b), and hereby moves this Court for an Order denying the Defendants' Leonard Vignola, Michael Denning, and Sterling Leppo (hereinafter "Defendants") Motion to Transfer Venue or in the Alternative Motion to Stay Proceedings, and in support states as follows:

**I.  PROCEDURAL HISTORY**

The instant lawsuit was filed in state court on April 16, 2009.  On April 21, 2009, the Plaintiff sent copies of the initial pleadings to all of the named Defendants via US mail.  On June 24, 2009 Plaintiff filed her first amended complaint, which simply added a cause of action sounding under Florida's Minimum Wage Act once Plaintiff had fulfilled

the condition precedent of providing pre-suit notice. On July 13, 2009, July 15, 2009, and July 20, 2009, respectively, Vignola, Leppo, and Denning each individually filed a motion to dismiss Plaintiff's amended complaint in state court.

Next, Defendant Vignola filed his Notice of Removal to Federal Court on July 23, 2009. Between July 20, 2009 and July 30, 2009 a couple motions dealing with timeframes and a motion to remand to state court were filed by the parties. Then on July 30, 2009 Defendants Vignola, Denning, and Leppo filed their collective Amended Motion to Dismiss.[1] Subsequent to July 30, 2009 additional motions were filed, but for purposes of this response Plaintiff simply points out that she filed a response to Defendants' Amended Motion to Dismiss on August 13, 2009 and a consent Motion for an Extension of Time to Respond to Defendants' Motion to Transfer Venue/Motion to Stay Proceedings, which was filed on July 30, 2009.

## II.  ARGUMENT AND MEMORANDUM OF LAW

### II(A)  DEFENDANTS HAVE WAIVED THEIR RIGHT TO MOVE FOR AND ARGUE FOR A CHANGE OF VENUE

Pursuant to Federal Rule of Civil Procedure 12(b), (g)(2) and (h), the Defendants have waived their right to move for a transfer of venue. The Rule states that "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." F.R.Civ.P. 12(g)(2) (2008). When Rule 12(g)(2) is read with the corresponding and cross-referenced Federal Rules of Civil

---

[1] Plaintiff's response to Defendants' Amended Motion to Dismiss is not contained within this instant response.

Procedure, and the procedural history of this case is analyzed, the conclusion that the Defendants have waived their rights to move for a change of venue is clear. In short, the Defendants have filed their Amended Motion to Dismiss; in a separate motion from their Motion to Transfer Venue. Rule 12(h) sets forth that waiver is the consequence for the procedural actions that the Defendants have taken by filing separate motions. *See* F.R.Civ.P. 12(h).

## II(B)  DEFENDANTS MOTION TO TRANSFER VENUE SHOULD BE DENIED

**II(B)(1):  Introduction and explanation of the Plaintiff's argument.**

The Plaintiff stands by her argument that the Defendants have waived their ability to move for a change of venue; however, should this Court disagree with Plaintiff's waiver argument, the remainder of this memorandum will demonstrate that Defendant's Motion to Transfer Venue/Motion to Stay must be denied.

With respect to Defendants' Motion to Transfer Venue, Plaintiff will first address the statutory language at issue and illuminate the purpose of that statute. Next, Plaintiff will provide a general framework of the legal analysis that is used in determining whether or not to grant a party's motion to transfer venue. After that, Plaintiff will discuss the burden of proof that the movant is required to carry. Finally, Plaintiff will work through the elements of the legal analysis and demonstrate why the Defendants' motion cannot be properly granted.

The second portion of this memorandum will address Defendants' Motion to Stay Proceedings. This portion of Plaintiff's response memorandum, will highlight the

inconsistencies in the Defendants' arguments, insofar as Defendants contradict themselves as to which Federal Court has jurisdiction to potentially extend the 11 USC § 362 stay to these non-bankrupt co-defendants of Plan 4 College, Inc. (hereinafter "P4C")[2]. Ultimately, Plaintiff will show that the jurisprudence on this issue clearly indicates that the only court with jurisdiction to potentially extend the stay of P4C to the non-bankrupt co-defendants is the Baltimore Division of the United States Bankruptcy Court.

**II(B)(2): Plaintiff's discussion of the applicable statute, burden of proof, and framework of the legal analysis regarding a motion to transfer venue.**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[3] "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The *Van Dusen* Court continued its explanation of section 1404 by pointing out that it "… recognized in *Continental Grain Co. v. Barge F.B.L.*-585, 364 U.S. 19 […(1960)], the purpose of the section is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and

---

[2] Procedurally, P4C filed for protection under Chapter 7 of the bankruptcy laws of the United States on May 4, 2009. Pursuant to 11 USC § 362 an automatic stay applies only as to P4C. Plaintiff affirmatively asserts that she is not proceeding against P4C and is only proceeding against the other non-bankrupt co-defendants. Defendants' repeated assertions to the contrary, as well as Defendants' assertion that this lawsuit was commenced <u>after</u> P4C's notice of filing bankruptcy, are completely false and unfounded.

[3] The other subparts of 28 U.S.C. § 1404 are not applicable as Plaintiff does not consent to transfer of venue and the Defendant has not requested a transfer to a different division of the Middle District of Florida.

4

expense." *Van Dusen*, 376 U.S. 616 (quoting *Continental Grain*) internal citations omitted.

The general framework of the legal analysis for a Motion to Tranfer Venue pursuant to 28 U.S.C. § 1404(a) involves the statutory elements of this section as well as the case law that both interprets this statutory provision as well as case law that has developed and applied the common law forum non conveniens doctrine. 28 U.S.C. § 1404(a) is generally made up of the following provisions: 1) the convenience of the parties and witnesses, 2) the interest of justice, and 3) that the action could be brought in the potential transferee venue.[4]

Stated differently, there are "… two requirements [a party] must meet to succeed in its Motion to Transfer under 28 U.S.C. § 1404. First, the cause can only be transferred to another district where the action might have been brought. Second, the transfer must be warranted on grounds of convenience and interests of justice." *Cordis Corp. v. Siemens-Pacesetter, Inc.*, 682 F.Supp. 1200, 1201 (S.D. Fla. 1987), citing *Van Dusen*, *supra* and *Windmere Corporation v. Remington Products, Inc.,* 617 F.Supp. 8 (S.D.Fla.1985). In *Cordis* the former employer sued former employees alleging violation of employment covenants not to compete and not to disclose trade secrets. The analysis contained within the *Cordis* court's order explains the issues that arise out of a motion to transfer venue and the court ultimately concluded that under the circumstances of that case, granting the transfer of venue was proper.[5] *See Cordis Corp.*, 682 F.Supp 1200 (ordering "that

---

[4] The interconnection of the ad hoc factual inquiry under the doctrine of *forum non conveniens* will be addressed *infra*.
[5] The facts that allowed the court in *Cordis Corp*. to transfer venue from Florida to California are completely opposite of the case at bar. First, the movant was able to establish that the action could have

Plaintiff's Motion to Transfer this action to the Central District of California be GRANTED.")

As previously alluded to, the Defendants, as moving party, carry the burden of proof in demonstrating that the United States District Court for the District of Maryland[6] is a forum in which this action could have originally or could currently be brought and in showing that the transfer must be warranted on grounds of convenience and interests of justice. "…[T]he moving party bears the burden of establishing 1) that the action is one that might have been brought in the district to which the movant seeks to have it transferred, and 2) that transfer is appropriate based on the convenience of the parties, the convenience of witnesses, and the interests of justice." *ESPN, Inc. v. Quiksilver, Inc.*, 581 F.Supp.2d 542, 546 (S.D.N.Y. 2008). *See also*, *Thermal Technologies, Inc. v. Dade Service Corp.*, 282 F.Supp.2d 1373 (S.D. Fla. 2003)(movant has the burden of persuading this Court that the transfer is appropriate and should be granted *citing Factors, Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978)).

The Defendants have failed to carry their burden of showing that the proposed transfer would be appropriate based on the convenience of the parties, the convenience of the witnesses, and the interests of justice. In addition to these elements, it is recognized that the common law elements of the doctrine of *forum non conveniens* should be

---

been brought in California, something that the Defendants in the instant matter have not proven. Second, the majority of the witnesses in *Cordis Corp*. were located in California. As the remainder of this motion will demonstrate, along with the accompanying affidavits, at most, only one witness in the instant suit is located in Maryland and the rest are located in Florida.

[6] It is important to note that section IV of Defendants Motion to Transfer Venue requests relief in the form of a transfer to the United States District Court for the District of Maryland, but throughout Defendants motion they seem to suggest through argument that the potential transferee forum should be the Baltimore Bankruptcy court. Nevertheless, this case should not be transferred to either of those courts.

analyzed as Congress intended to codify and broaden that doctrine in 28 U.C.S. § 1404(a). The Defendants motion argued the factors that were set forth in *La Seguridad v. Transytur Line*, 707 F.2d 1304 (11th Cir. 1983); however, the Defendants arguments fall well short of meeting the heavy burden that Defendants must prove to overcome Plaintiff's choice of forum that is within the district in which she resides. "In order to overcome the presumption in favor of Plaintiff's choice of forum, the movant must show the balance of convenience is 'strongly in favor' of the transfer." *Tampa Bay Storm, Inc. v. Arena Football League, Inc.*, 932 F.Supp. 281 (M.D. Fla. 1996)(citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

For purposes of conducting a *forum non conveniens* analsysis, a trial judge, after first establishing as a prerequisite that an adequate alternative forum exists,

> …. must consider all relevant factors of private interest, weighing in the balance a strong presumption <u>against</u> disturbing plaintiffs' initial forum choice. If the trial judge finds this balance of private interests to be in equipoise or near equipoise, he must then determine whether or not factors of public interest tip the balance in favor of a trial in a foreign forum.

*La Seguridad*, 707 F.2d 1307. (emphasis added)

"Since the touchstone of forum non conveniens analysis is convenience, controlling weight cannot be given to any one factor in the balancing process or the doctrine would lose much of the flexibility that is its essence." *Id* at 1307 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)). *La Seguridad* goes on to note that "in considering the private interests of the litigants, some important considerations are: relative ease of access to sources of proof; ability to obtain witnesses; possibility of

7

viewing of premises, if relevant; and 'all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *La Seguridad* at 1307 (quoting in part *Gilbert*, *supra* at 508).

> The [Supreme] Court also listed certain public interest factors bearing upon the forum's interest in entertaining the lawsuit: court congestion and jury duty generated by controversies having no relation to the forum; the desirability of having localized controversies decided at home; and the difficulties attendant resolving conflict-of-laws problems and applying foreign law. [*Gilbert*] at 508-09[….] It is evident that these lists were not intended to be exhaustive, but merely to suggest the range of relevant considerations.

*La Seguridad* at 1307.

In the instant case, as will be shown *infra*, all of the private interest factors favor the Plaintiff, so, this Court need not consider the public interest factors; however, the public interest factors also favor the Plaintiff. The remainder of the analysis will address all of the factors.

In the case of *Tampa Bay Storm, Inc. v. Arena Football League, Inc.*, the U.S. District Court in the Middle District for Florida denied the Defendant's motion to transfer venue to the U.S. Bankruptcy Court in the District of Colorado in a case that is similar to the case at bar. *See* 932 F.Supp. 281 (M.D. Fla. 1996). In that case, the Court stated, in addition to noting that Plaintiff's choice of forum is a factor, listed the "… convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relevant documents, financial ability to

8

bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious and inexpensive." *Id* at 282.

Due to the nature of this ad hoc factual inquiry there is no doubt that "[t]he standard for transfer under § 1404(a) leaves much to the broad discretion of the trial court," *Id* at 282 (citing *Codex Corp. v. Milgo Elec. Corp.,* 553 F.2d 735, 737 (1st Cir.1977)); however, in order for a trial court to properly use its discretion to transfer venue, the movant must provide sufficient specific factual allegations so that the trial court may properly conduct the ad hoc analysis. *See Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215 (2nd Cir. 1978)(when a party seeks a transfer on account of the convenience of witnesses, he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover); *Chicago, R.I. & P.R. Co. v. Hugh Breeding, Inc.,* 232 F.2d 584 (10th Cir. 1956)(it was necessary for railroad to set forth in an affidavit supporting its motion not merely that it had 20 witnesses which it had to transport to a different state but the substance of the evidence of these witnesses so that the trial court could consider the materiality of such evidence); *Potts v. Cameron Offshore Boats, Inc.*, 401 F.Supp.2d 733 (S.D. Tex. 2005)(to support a motion to transfer to another district on the basis of increasing the availability and convenience of witnesses, the movant must identify key witnesses and provide a brief outline of their likely testimony).  There is a plethora of other case law standing for this proposition that the Plaintiff will not cite as it would be unnecessarily redundant.

**II(B)(2):  Plaintiff's factual argument opposing the motion to transfer venue.**

The Defendant has failed to allege the fundamental requirement that this action could have been brought in Maryland with enough specificity to fulfill their burden of proof.  Defendants' motion is wholly devoid of any factual allegations or language from a jurisdictional statute that would allow this Court to analyze whether or not one of the Federal Courts located in Maryland could properly assert jurisdiction over this entire action.  Plaintiff believes that the Defendants have failed to carry their burden in establishing this fundamental requirement.

Also, the Defendants have failed to allege any facts with enough specificity and detail to that are fundamental to meeting their burden of proof.  In fact, the Defendants not only fail to support their argument with any sworn affidavits, the Defendants fail to allege the name of even one non-party witness who is located in Maryland.  At its core the Defendants' argument boils down to nothing more than conclusory allegations as to why the venue should be transferred that is intermixed with a haphazard sprinkling of bankruptcy arguments that sometimes are not factually accurate and are at times legally contradictory.  *See* footnote 2 *supra*, for an example of Defendants' factual inaccuracies.

<u>Convenience of the parties and witnesses</u>

The Plaintiff resides within the jurisdiction of the U.S. District Court for the Middle District of Florida.  This case does not involve any attempts to forum shop.  Litigation within the Middle District would be most convenient for the Plaintiff, her undersigned counsel, and the Defendants' counsel who is a Florida attorney located in Coral Springs, Florida.

While P4C may have its principle place of business in Maryland, P4C is not actively involved in this litigation because Plaintiff is respecting the 11 U.S.C. § 362 stay as to P4C. Currently, Plaintiff is only proceeding against the non-bankrupt individual co-Defendants. Defendants Leppo, Vignola, and Denning have been served with this lawsuit and are actively litigating and submitting to this Court's jurisdiction. The Defendants have not alleged whether any one of these three individuals are located in Maryland. In fact, Plaintiff obtained service of process over Denning in Arizona and Vignola in Connecticut. Clearly, neither Denning or Vignola are located in Maryland and, therefore, Maryland would not be any more convenient of a location for them as opposed to Florida. Defendant Leppo was served in Maryland; however, as a defendant, the inconvenience to him in having to travel to Florida should not carry more weight than the inconvenience of the Plaintiff (and remaining Defendants) in having to travel to Maryland. The other individual defendants who have been sued as employers by the Plaintiff have not been served with the lawsuit as of the filing of this motion. Plaintiff believes that Shamren Fletcher is currently located in Las Vegas, Nevada. The whereabouts of Richard Shanley are unknown at this time, but believed to be in New Jersey.

Regarding convenience of the witnesses, the scales tip overwhelmingly in favor of the Plaintiff as most of the key non-party witnesses reside in the Tampa, Florida area. The instant lawsuit arises from the Defendants' nonpayment of wages that violated the Fair Labor Standards Act (FLSA). While the Defendants were unable to specifically name any witnesses who are located in Maryland, Plaintiff affirmatively asserts that the

11

following potential witnesses are all located in Florida: Alexander Gerry, Mindy Bell, Charlene Gregus, Micah Gregus, Melissa Stephens, Ben Cranmer, Joyce Gibbs, Taylor Beck and Adrian Cooper. In general, these witnesses will testify as to the fact and duration of Plaintiff's employment with the Defendants, as well as the non-payment of wages by the Defendants. The witnesses will provide testimony as to the Plaintiff's work schedule and the witnesses will also testify as to their personal knowledge of the Defendants' policies and procedures. Plaintiff is unaware of any non-party witnesses located in Maryland that would be material to this lawsuit. It is clear that the costs related to material witnesses will be extraordinarily less if this case proceeds in Florida than if this case proceeds in Maryland. Overall, this factor favors the Plaintiff.

<u>Relative ease of access to sources of proof and location of relevant documents.</u>

This case will not be document intensive because the elements to prove a FLSA violation do not require a plethora of documents. Currently, Plaintiff is in possession of some of these documents and most of the other documents that Plaintiff would seek during discovery are located either in a storage facility in Brandon, Florida or in electronic format in the possession of Defendant Shamren Fletcher whose current whereabouts are unknown. With regards to electronic data, the cost of obtaining the electronic data is the same no matter where it is located within the United States and as for paper documents, mailing them from Maryland would cost no more than mailing them from Miami, FL.

The documentation that belongs to P4C and is allegedly located in Maryland, may be mostly irrelevant to Plaintiff's FLSA claim. The Defendants arguments about the

bankruptcy proceedings are simply a red herring that will be briefly addressed in section III of this response. Assuming arguendo that relevant documents are located in Maryland they will not be many in number and the majority of the documents in this case and the cost to produce these documents will be the same whether the action is tried in the Middle District of Florida or Maryland.

Since the Defendant has not sufficiently carried its burden of proof with respect to this factor and because the bulk of the documents actually are located somewhere other than Maryland, this factor favors Plaintiff's position.

Availability of compulsory process for witnesses.

Defendant failed to allege and specify even one non-party witness who is located in Maryland. Plaintiff has provided numerous non-party witnesses who are located in Florida that can testify about the facts in this case. Certainly, this Court can compel the witnesses in Florida to appear before this Court. To the extent that compelling the appearance of witnesses would ever become an issue, it would be the U.S. District Court for Maryland that may have difficulty compelling the attendance of numerous Florida witnesses. Thus, this factor favors the Plaintiff.

Financial ability to bear the cost of the change.

The Plaintiff and the Defendants are individuals. Only one of the individual Defendants is located in Maryland, the other two individual Defendants (Denning and Vignola) will need to travel to a forum that is hundreds of miles from where they reside in either event.

Plaintiff is a single woman. Plaintiff was not paid minimum wages by the Defendants and she remains unemployed and is attending graduate school. Plaintiff does not have a trust fund or alternative source of income beyond her own labor. Plaintiff cannot bear the cost of prosecuting this lawsuit in Maryland because she cannot afford to pay for local counsel of record in Maryland and she cannot afford to travel to Maryland for trial. Thus, this factor favors the Plaintiff.

Despite having knowledge of this ad hoc factor as evidenced by Defendants' citation to *Tampa Bay Storm, Inc. v. Arena Football League, Inc.*, Defendants' have not argued this point; therefore, Defendants once again have failed to carry their burden of proof that this factor favors transfer of venue.

### Analysis of the Public Factors.

Since the Defendants have failed to establish that this case "might have been brought" in the District Court of Maryland and that the private interests are "in equipoise or near equipoise" the public factors that are often considered in an analysis of whether to transfer venue do not need to be considered and the Defendants Motion to Transfer should be denied.

Nevertheless, all public factors also favor the Plaintiff. First, this lawsuit alleges violations of the Fair Labor Standards Act. The court that is called upon to determine the issues of law in this matter will not be considering Maryland law, or bankruptcy law for that matter.[7] The U.S. District Court for Maryland and the U.S. District Court for Middle

---

[7] Defendants wrongly suggest on page 7 of their Motion to Transfer Venue that this Court would need to consider Maryland law. In fact Maryland law is not applicable to either Plaintiff's claim or P4C's bankruptcy proceedings. Federal law applies in both.

District of Florida are equally experienced and trained in matters pertaining to FLSA violations. Since this factor is neutral, this favors the Plaintiff.

The factor involving the congestion of the respective courts' dockets is also neutral; however, Maryland's (and the U.S. District for the District of Maryland) public interest would suffer if citizens of Maryland need to be empanelled as jurors for this matter that involves a breach of the FLSA that occurred as to a Florida resident while working in Florida. The desirability of having localized controversies decided at home favors the Plaintiff.

### III.  DEFENDANTS MOTION TO STAY SHOULD BE DENIED

The Defendants Motion to Stay should be denied for three reasons. First, bankruptcy stays of one co-defendant rarely inure to the benefit of other non-bankrupt co-defendants. Second, as the case law cited by the Defendants clearly indicates, the great weight of authority holds that the bankruptcy court that has jurisdiction over the debtor is the court that determines whether or not to extend the stay to the non-bankrupt co-defendants. Respectfully, this Court does not have jurisdiction to determine whether the bankruptcy stay that is in place regarding P4C should be extended to the non-bankrupt co-defendants. (See case law cited by Defendants on page 7 of their Motion to Transfer Venue.) Third, in any event, this Court should abstain from reaching this decision because P4C has already filed a motion in the U.S. Bankruptcy Court in Maryland (Baltimore Division) seeking to extend the stay to the non-bankrupt co-defendants. A true and accurate copy of said Motion is attached hereto as Exhibit "A."

Lastly, should this Court choose to address whether or not P4C's stay can be extended to the non-bankrupt co-defendants, this Court should refuse to extend the stay for a number of reasons. See Plaintiff's response to P4C's Motion to Extend Stay; previously filed in the U.S. Bankruptcy Court Baltimore Division; attached hereto as Exhibit "B."

## IV.  CONCLUSION

The procedural posture of this case rests before this Court on Defendants' Motion to Transfer Venue. Defendants' motion should be denied because they have failed to carry their burden of proof to transfer venue. Also, the facts do not support transferring venue. Defendants' Motion to Stay should be denied for the reasons set forth herein and in Exhibit "B."

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court deny Defendants' Motion to Transfer Venue and deny Defendants' Motion to Stay Proceedings, and for any other further relief that this Court deems just and proper.

    Respectfully submitted by,

    **s/ Christopher K. Leifer**
    Christopher K. Leifer, Esq.
    Florida Bar #: 645451
    FL Legal Group
    3502 Henderson Blvd, Suite 203
    Tampa, FL  33609
    Telephone: (813) 221-9500
    Facsimile: (813) 341-6898
    E-mail: ckl@FLLegalGroup.com
    Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 20, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

                                        **s/ Christopher K. Leifer**
                                        Christopher K. Leifer, Esq.
                                        Florida Bar #: 645451
                                        FL Legal Group
                                        3502 Henderson Blvd, Suite 203
                                        Tampa, FL  33609
                                        Telephone: (813) 221-9500
                                        Facsimile: (813) 341-6898
                                        E-mail: ckl@FLLegalGroup.com
                                        Attorney for Plaintiff