UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA AALBERG,

    Plaintiff,

v.                                                         Case No. 8:09-CV-1393-T-27AEP

PLAN 4 COLLEGE, INC., a foreign corp.,
SHAMREN FLETCHER, LEONARD VIGNOLA,
RICHARD SHANLEY, MICHAEL DENNING,
STERLING LEPPO, individually,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on the Motion to Transfer Venue or in the alternative to Stay Proceedings by Defendants Leonard Vignola, Michael Denning, and Sterling Leppo. (Dkt. No. 8.) Plaintiff Debra Aalberg opposes the Motion. (Dkt. No. 25.) For the reasons that follow, this Court recommends that the Motion be denied.[1]

## BACKGROUND

On or about April 15, 2009, Plaintiff Debra Aalberg filed a suit against Plan 4 College, Inc., ("Plan 4 College"), Shamren Fletcher, Richard Shanley, Leonard Vignola, Michael Denning, and Sterling Leppo in the County Court of the 13th Judicial Circuit in and for Hillsborough County, Florida. On July 23, 2009, Defendant Vignola filed a Notice of Removal in the United States District Court for the Middle District of Florida based on federal question jurisdiction. (Dkt. No. 1.) Plaintiff alleges in her First Amended Complaint (Dkt. No. 2) that Defendants violated the

---

[1] The Motion was referred to the undersigned by the Honorable James D. Whittemore. (Dkt. No. 26.)

Federal Labor Standards Act and Florida's Minimum Wage Act. The claims arose out of Plaintiff's employment with Defendants in Hillsborough County, Florida.

On May 4, 2009, Defendant Plan 4 College filed a petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, District of Maryland, Case No. 09-17952. Pursuant to 11 U.S.C. § 362, an automatic stay was contemporaneously entered.

Defendant Plan 4 College filed a motion in the Maryland Bankruptcy Court seeking to have the automatic stay extended to the directors, officers, and certain employees of Plan 4 College, which includes Defendants Vignola, Denning, and Sterling. (*See* Dkt. No. 25, Ex. A.) The Court will not address this issue, as it has been properly brought before and is currently pending in the U.S. Bankruptcy Court in Maryland.

## LEGAL ANALYSIS

Defendants argue that the United States District Court for the District of Maryland would be a more convenient forum and move to transfer venue pursuant to 28 U.S.C. § 1404(a). As an initial matter, Plaintiff argues that Defendants have waived their right to move for a change of venue by not consolidating this motion with their earlier motion to dismiss as required by FED. R. CIV. P. 12(g)(2) and 12(h). However, "[a] motion to transfer venue under § 1404(a) is not a Rule 12(b)(3) motion and is not governed by the waiver provisions of Rule 12(h)." *Stockdale v. Stockdale*, No. 4:08-CV-1773 CAS, 2009 WL 3164422, at *1 (E.D. Mo. Sept. 25, 2009) *(quoting James v. Norfolk & W. Ry. Co.*, 430 F. Supp. 1317, 1319 n.1 (S.D. Ohio 1976)); *see also Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 957 (M.D. Tenn. 2008) ("a motion to dismiss for *improper* venue pursuant to Rule 12(b) is not the same as a motion to transfer to a more convenient venue under 28 U.S.C. § 1404(a) and is therefore not subject to the waiver provisions of Rule 12(h)") (emphasis in original).

Therefore, the Court finds that Defendants were not required to consolidate their motion to transfer venue pursuant to 28 U.S.C. § 1404(a) with their earlier motion to dismiss for failure to state a claim.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The burden is on the movant to establish that the suggested forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989); *see also Cent. Money Mortgage Co. v. Holman*, 122 F. Supp. 2d 1345, 1346 (M.D. Fla. 2000) ("the movant has the burden of persuading the trial court that the transfer of venue should be granted"). To determine whether venue should be transferred, courts consider: "(A) whether the action [could] have been brought in [the United States District Court for the District of] Maryland; (B) whether transferring the action will be for the convenience of the parties and witnesses; and (C) whether transfer will be in the interest of justice." *Id*.

**A. Whether the Action Could Have Been Brought in the District of Maryland**

The threshold consideration is whether the action could have been brought in the desired district of transfer - which, in this case, is the District of Maryland. *See Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002). This requires the moving party to demonstrate that personal jurisdiction, subject matter jurisdiction, and venue would all have been proper in the District of Maryland. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). In their Motion to Transfer, Defendants did not demonstrate that this action could have been brought in the transferee district, and it is clear that this requirement is not satisfied.

Based on the allegations of the First Amended Complaint, the District of Maryland would

have subject matter jurisdiction over Plaintiff's claims, which arise under federal law. However, it is not clear whether the District of Maryland would be able to exercise personal jurisdiction over Defendants. "Jurisdiction over individual officers or employees of a corporation may not be predicated upon jurisdiction over the corporation, absent activities by the individuals sufficient to subject them to a long arm statute." *Quinn v. Bowmar Publ'g. Co.*, 445 F. Supp. 780, 785 (D. Md. 1978) (*citing Wilshire Oil Co. of Texas v. Riffe*, 409 F.2d 1277 (10th Cir. 1969)). In their Motion, Defendants do not present any facts establishing that Defendants Vignola or Denning engaged in any activities within Maryland sufficient to subject them to the Maryland long-arm statute.[2] *See* MD. ANN. CODE CJ § 6-103 (West 2009) (listing six types of activities within the State that permit courts to exercise personal jurisdiction). Therefore, the Court cannot determine whether the District of Maryland could properly exercise personal jurisdiction over Defendants Vignola or Denning.

Further, the Court determines that venue is not proper in the District of Maryland. First, venue is not proper in the District of Maryland under 28 U.S.C. § 1391(b)(1) because all of the Defendants do not reside in the same state.[3] *See* 28 U.S.C. § 1391(b)(1) (stating that a civil action not founded solely on diversity jurisdiction may be brought in "a judicial district where any defendant resides, if all defendants reside in the same State"). Second, based on the allegations in the pleadings and motions, it is not clear what, if any, substantial part of the events giving rise to the claim occurred in the District of Maryland. Therefore, the Court determines that venue in the

---

[2]The District of Maryland would have personal jurisdiction over Defendant Sterling Leppo because he is a resident of Maryland. (*See* Dkt. No. 2.)

[3]Plaintiff's First Amended Complaint asserts that Defendant Vignola is a resident of Connecticut, Defendant Denning is a resident of Arizona, and Defendant Leppo is a resident of Maryland. (Dkt. No. 2.)

District of Maryland is not proper under 28 U.S.C. § 1391(b)(2). Finally, venue is not proper under 28 U.S.C. § 1391(b)(3) because the District of Maryland is not the only district in which the action may be brought. *See* 28 U.S.C. § 1391(b)(3) (stating a civil action not founded solely on diversity jurisdiction may be brought in "a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought"). Instead, the Middle District of Florida is a proper forum, given that a substantial part of the events giving rise to the claim occurred in this district. (Dkt. No. 2.)

## B. Whether Transfer Will Be for the Convenience of the Parties and Witnesses and in the Interest of Justice

The second requirement for transfer of venue is that the transfer must be for the convenience of the parties and witnesses. *Cordis Corp. v. Siemens-Pacesetter, Inc.*, 682 F. Supp. 1200, 1202 (S.D. Fla. 1987). As the movant, Defendants have the burden of persuading the Court that transfer of venue should be granted. *Id.* When considering a motion to transfer venue, the Court considers the following seven factors: Plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relative documents, financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious, and inexpensive. *Sterling v. Provident Life & Accident Ins., Co.*, 519 F. Supp. 2d 1195, 1206 (M.D. Fla. 2007) (*citing Am. Aircraft Sales Int'l, Inc. v. Airwarsaw, Inc.*, 55 F. Supp. 2d 1347, 1351 (M.D. Fla. 1999)). The Court finds that Defendants have not shown that the balance of convenience weighs in their favor. The Court will address each factor in turn.

*1) Plaintiff's Initial Choice of Forum*

Plaintiff's initial choice of forum is the Middle District of Florida, and federal courts

"must give considerable weight to the plaintiff's choice of forum." *Sterling*, 519 F. Supp. 2d at 1206 (*quoting Response Reward Sys., L.C. v. Meijer, Inc.*, 189 F. Supp. 2d 1332, 1339 (M.D. Fla. 2002)). "[O]nly if the Defendants show the balance of convenience is strongly in favor of transfer, using the seven (7) factors listed above, will the Plaintiff's choice of venue be disturbed." *Id.* (*citing Am. Aircraft*, 55 F. Supp. 2d at 1351).

*2) Convenience of Parties and Witnesses*

"One of the most important factors for consideration is the convenience of the witnesses." *Response Reward*, 189 F. Supp. 2d at 1340. Defendants state that most of their material witnesses are located in Maryland, who potentially include all directors and corporate employees of Plan 4 College. Similarly, Plaintiff states that all of her witnesses are located in Florida. The effect of a transfer of venue would be to shift the inconvenience from Defendants to Plaintiff. In addition, as Plaintiff notes, two of the Defendants, Vignola and Denning, are located outside of Maryland as well, in Connecticut and Arizona respectively. Transferring the action to the District of Maryland would not be a more convenient location than a Florida district court would be for these particular Defendants. "The courts will not disturb a plaintiff's selected venue merely to shift inconveniences between the parties." *Am. Aircraft*, 55 F. Supp. 2d at 1351. While it certainly will be inconvenient for Defendants and Defendants' witnesses to travel to Florida, Defendants have failed to demonstrate that this factor weighs in their favor.

*3) Location of Relevant Documents and Relative Ease of Access to Sources of Proof*

Defendants state that most of their documentation associated with employees is located at the Plan 4 College headquarters in the District of Maryland, including corporate financing documents. The Court recognizes that ease of access to sources of proof is a consideration in

6

determining a motion to transfer; however, it is not the only factor in considering the transfer. In addition to the documents located at Defendants' corporate headquarters, the Plaintiff states that she would seek documents during discovery, most of which are located either in a storage facility in Brandon, Florida or in electronic format in the possession of Defendant Shamren Fletcher, whose current whereabouts are unknown. Thus, this factor is neutral.

*4) Availability of Compulsory Process for Witnesses*

Defendants also contend that this Court will be unable to compel the attendance of unwilling witnesses located in Maryland for live testimony at trial in Florida. Although material witnesses located outside of Florida may be unwilling to testify, "the general allegation that some witnesses may be unwilling to testify is not sufficient to support a transfer." *Garay v. BRK Elecs.*, 755 F. Supp. 1010, 1012 (M.D. Fla. 1991). Defendants have not shown that these witnesses cannot be effectively presented by depositions, nor have Defendants specifically identified the substance of the witnesses' testimonies. *See id.* Therefore, this factor does not weigh in favor of transfer.

*5) Financial Ability to Bear the Cost of Change*

Defendants state that the cost of obtaining the presence of witnesses in Florida would be far greater than in Maryland. However, transferring the case to the District of Maryland would create a heavy financial burden on Plaintiff as well. This Court recognizes that Defendants will have higher costs if the case remains in the Middle District of Florida rather than transferred to the District of Maryland, but Defendants have not demonstrated a financial inability to bear the burden of those costs. In contrast, Plaintiff states that she cannot afford to pay for local counsel of record in Maryland and to travel to Maryland for trial, as she is a single woman, unemployed,

7

and attending graduate school. Since transfer of the case will merely shift the financial burden, Defendants have not shown that this factor weighs in favor of transfer.

*6) Forum's Familiarity with Governing Law*

The law applicable to this case is federal law, and as such, this factor does not weigh in favor of transfer.[4] Defendants' argument that the District of Maryland would be more familiar with Maryland law as it pertains to a pending action in the Maryland Bankruptcy Court is not persuasive. The Middle District of Florida and the District of Maryland are both equally familiar with the Bankruptcy Code.

*7) Trial Efficiency and the Interests of Justice, Based on the Totality of the Circumstances*

Due to the different geographical locations of all parties involved, this case will be inconvenient for at least one party. However, Defendants have failed to show that transferring the case to the District of Maryland would make the case, as a whole, more easy, expeditious, or inexpensive. Defendants have shown only that the transfer would make the case easier and less expensive for themselves. "In determining the propriety of transfer, the Court must give considerable weight to Plaintiff's choice of forum." *Response Reward*, 189 F. Supp. 2d at 1339 (internal citations omitted). "Only if Plaintiff's choice is clearly outweighed by consideration of convenience, cost, judicial economy, and expeditious discovery and trial process should this Court disregard the choice of forum and transfer the action." *Oakes v. Whitten*, 685 F. Supp.

---

[4]Plaintiff also asserts claims under Florida's unpaid wages law under FLA. STAT. § 448.110 and FLA. CONST. ART X, § 24. This statute is patterned after federal law. *See* FLA. STAT. § 448.110 (2009) (stating that "[o]nly those individuals entitled to receive the federal minimum wage under the Fair Labor Standards Act and its implementing regulations shall be eligible to receive state minimum wage pursuant to [§] 24 ART. X of the State Constitution and this section").

1228, 1229 (M.D. Fla. 1988). In the instant case, Defendants did not satisfy the burden of demonstrating that the case should be transferred to the District of Maryland.

**CONCLUSION**

Accordingly, for the reasons set forth above, this Court respectfully **RECOMMENDS** that Defendants' Motion to Transfer Venue or in the alternative to Stay Proceedings (Dkt. No. 8) be DENIED.

**IT IS SO REPORTED** at Tampa, Florida on this 14th day of October, 2009.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Copies furnished to:
Hon. James D. Whittemore
Counsel of Record